No. 154
.NATIONAL LIFE AND ACCIDENT INS..
CO. v. PURDUE
Ohio Appeals, 2nd Dist., Montgomery Co.
No. 623. Decided 13, 1925.
191. BURDEN OF PROOF—Is upon insurance company to show unsound health of insured at time of issuance of policy.
BY THE COURT.
Epitomized Opinion
Published Only in Ohio Law Abstract

The original action was brought to the Municipal Court of Dayton by Addie Purdue against the National Life and Accident Insurance Co. seeking to obtain a judgment in the sum of $328 due her as beneficiary on an insurance policy. The insured, Louise Purdue, deceased, had died three months after the issuance of said policy. The Insurance Co. contended that when the policy was written, the insured had stated that she was in sound health, although at that time she was possessed of a disease which was the cause of her death. They further contend that the agents of the Insurance Company or its officers knew

nothing of the falsity of insured's statements. Judgment was returned for the amount prayed for.

Insurance Co. prosecuted error in Common Pleas where judgment was affirmed; and on urging the Court of Appeals to reverse judgments of the lower courts, the company contended:

The policy was void ab-initio for the reason that insured was not in sound health on date of issuance, and that a settlement had been entered into with Addie Purdue which was denied in her reply.

The Court of Appeals held:

Whether or not insured was in sound health is a question of fact. Because she lived less than three months after the policy was issued, within itself would not be proof or any evidence of the claim that she was not in sound health at time policy was issued.

The burden of proving ill health was upon the Insurance Company. The fact they examined the insured and accepted the risk is evidence in favor of Purdue, and the company must produce evidence to overcome such presumption. Mutual Life v. Long. 31 OCA 49.

Judgment affirmed.

Attorneys—J. E. Spear for Insurance Co.; J. P. Jeeton for Purdue; both of Dayton.